UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNE PRESTON,

      Plaintiff,

v.                                   CASE NO.  8:12-CV-2288-T-17TGW

PUBLIC STORAGE, INC.,
et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:


Dkt. 3   Motion to Consolidate; Motion to E-File and Fax; Motion
           to Disqualify Counsel
Dkt. 16  Motion to Strike Motion to Bar Counsel

Plaintiff Anne Preston has filed two related cases which are before the undersigned: Case No. 8:12-CV-2287-T-17MAP and Case No. 8:12-CV-2288-T-17TGW.

In the Complaints in both cases, Plaintiff alleges federal question jurisdiction.

In Case No. 8:12-CV-2287-T-17MAP, Plaintiff alleges violations 15 U.S.C. Secs. 41-58, 15 U.S.C. Secs. 1667-1667f, and 15 U.S.C. Secs. 1666-1666j. Plaintiff also alleges violations of Florida statutes: Ch. 501.201, Ch. 501.202(1,2,3); Ch. 501.204(1,2); Ch. 671.210(1-46); Ch. 671.203; Ch. 817.29; Ch. 817.481; Ch, 817.61; Ch. 817.62, and Ch. 817.64, Florida Statutes. Plaintiff also alleges that "this action is for claims of violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the U.S. Constitution as enabled through and pursuant to 42

Case No. 8:12-CV-2288-T-17TGW

U.S.C. Sec. 1983 and 28 U.S.C. Sec. 1343(a)(3). " Plaintiff requests a jury trial, alleges a direct connection between Defendants' actions and the harm that resulted, and states that the action is for damages in excess of $50,000.

In Case No. 8:12-CV-2288-T-17TGW, Plaintiff alleges that the action is for breach of contract, and under the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the U.S. Constitution as enabled through and pursuant to 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 1343(a)(3).  Plaintiff requests a jury trial, alleges a direct connection between Defendants' actions and the harm that resulted, and states that the action is for damages in excess of $50,000.

In Case No. 8:12-CV-2287-T-17MAP, Plaintiff Preston alleges:

> 5.  The facts of this case and Plaintiff's breach of contract care are intertwined and are based on the same set of operative facts.  This is an appeal of sorts from the state courts that denied Plaintiff due process and justice.  It was brought before the Circuit Court of the Thirteenth Judicial District in Tampa, Florida.  The court forced Plaintiff to rewrite her complaint 4 times, and each time, Plaintiff attempted to clarify for the court what her case was about, namely the laws and statutes previously stated....
>
> 6.  The case was dismissed with prejudice without a reason or explanation.  Res judicata and collateral estoppel do not apply since Plaintiff was never given a "full and fair opportunity to be heard on the issues...."

Plaintiff further alleges that Plaintiff appealed the dismissal of the state court case to the Second District Court of Appeals, which affirmed the trial court, and Plaintiff then sought further review from the Florida Supreme Court, which declined to consider Plaintiff's case on the basis of lack of jurisdiction.  Plaintiff further alleges that Plaintiff attempted to reopen Plaintiff's case in the trial court, which was denied, and sought recusal of the trial judge, which was denied.  Plaintiff disagreed with the trial court's rulings on those

Case No. 8:12-CV-2288-T-17TGW

issues and other issues.  Plaintiff sought further review in the Second District Court of
Appeals, which affirmed the trial court, and sought further review before the Florida
Supreme Court, which declined to consider Plaintiff's case due to lack of jurisdiction.

In Case No. 8:12-CV-2288-T-17TGW, Plaintiff alleges:

> 3.  The facts of this case and those of her credit card fraud case are
> intertwined, and are based on the same set of operative facts.  This is an
> appeal of sorts from the state courts that denied Plaintiff due process and
> justice according to the U.S. Constitution, the Restatement (Second) of
> Contracts, and the Florida statutes....

Plaintiff alleges that Plaintiff attempted to reopen her fraud case in state court to sue for
breach of contract, but at a hearing, while Plaintiff was granted a few minutes to argue
her fraud case, the court refused to hear any argument on Plaintiff's breach of contract
claim before the court dismissed the fraud and breach of contract claims with prejudice.
Plaintiff states that Plaintiff was denied due process since the court refused any hearing
whatsoever on her contract case.  Plaintiff alleges that Plaintiff brought both cases back
to the Second District Court of Appeals, which affirmed the trial court.  Plaintiff alleges
that motions for rehearing, clarification and reconsideration were denied.   Plaintiff
alleges that Plaintiff sought review before the Florida Supreme Court, which declined
consideration due to lack of jurisdiction.

Plaintiff further alleges that Plaintiff's Complaint involves "amendments to the
Constitution, contract law and state statutes," [therefore] "Plaintiff is now turning to the
federal court for the rights, due process and justice she should have been granted at
the state level."

I.  Standard of Review

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule

Case No. 8:12-CV-2288-T-17TGW

12(b)(1), Federal Rules of Civil Procedure, can be a facial attack or a factual attack. In a facial attack, the factual allegations of the Complaint are taken as true. In a factual attack, the Court may consider matters outside the Complaint, and is free to weigh evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the allegations of the Complaint are not presumptively true. Where the attack on jurisdiction implicates the merits of the plaintiff's federal cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule 12(b)(6) or Rule 56. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial. See Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 454 U.S. 897 (1981).

The Court notes that Plaintiff Preston is proceeding pro se; Plaintiff's pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

II. Discussion

The Court has a duty to ensure that it has subject matter jurisdiction over the claims presented before ruling on the merits of a claim. Taylor v. Appleton, 30 F.3d 1365, 1366 (11th Cir. 1994). If jurisdiction is found to be lacking, the Court cannot proceed at all; its sole remaining duty is to state it lacks jurisdiction and dismiss the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). The specific allegations in the Complaints in both cases prompted the Court to consider subject matter jurisdiction sua sponte.

The Court takes judicial notice of the dockets of Case No. 08-CA-010042, Anne Preston v. Public Storage, Inc. et al., and Case No. 11-CA-06033, Anne Preston v. Public Storage, Inc., et al, in Hillsborough County Circuit Court.

4

Case No. 8:12-CV-2288-T-17TGW

A.  Rooker-Feldman Doctrine

The federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision.  Velardo v. Fremont Investment & Loan, 298 Fed. App'x 890, 892 (11TH Cir. 2008).  In Nicholas v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009)(quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005), the Eleventh Circuit Court of Appeals "delineat[ed] the boundaries of the Rooker-Feldman doctrine: 'cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"

In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005), the United States Supreme Court held that:

> the Rooker-Feldman doctrine "is confined to cases of the
> kind from which the doctrine acquired its name: cases
> brought by state-court losers complaining of injuries caused
> by state-court judgments rendered before the district court
> proceedings commenced and inviting district court review
> and rejection of those judgments.  Rooker-Feldman does not
> otherwise override or supplant preclusion doctrine or
> augment the circumscribed doctrines that allow federal
> courts to stay or dismiss proceedings in deference to state
> court actions."

The Rooker-Feldman doctrine applies "both to federal claims raised in state court and to those 'inextricably intertwined ' with the state court's judgment.  Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009.  A claim is "inextricably intertwined" with a previously rendered state court judgment: "(1) where the success of the federal claim would 'effectively nullify' the state-court judgment; and (2) where the federal claim 'succeeds only to the extent that the state wrongly decided the issues.'"  Figueroa v. Merscorp. Inc., 766 F.Supp.2d 1305, 1316 (S.D. Fla. 2011).  A federal claim will not be

Case No. 8:12-CV-2288-T-17TGW

deemed "inextricably intertwined" with the state-court judgment to the extent that the party did not have a "reasonable opportunity to raise his federal claim in state proceedings." Casale, 558 F.3d 1260.

1. Procedural Requirements of Rooker-Feldman Doctrine

In both Complaints, Plaintiff Preston alleges a violation of due process and equal protection. Plaintiff Preston further alleges violations of federal and state statutes in Case No. 8:12-CV-2287-T-17MAP, and alleges a breach of contract claim in Case No. 8:12-CV-2288-T-17TGW. The parties before the Court are the same parties in the state court actions.

Plaintiff Preston has included a detailed statement of the background of the litigation in Hillsborough County Circuit Court. The Court notes that the trial court permitted pro se Plaintiff Preston to amend her Complaint four times. Plaintiff Preston commenced the case on 5/2/2008 and the case was dismissed with prejudice on 2/25/2010. Plaintiff Preston pursued an appeal of the dismissal of Plaintiff's claims with prejudice in the Second District Court of Appeals, and Florida Supreme Court. The mandate was entered on 6/6/2011, and the Florida Supreme Court's Order was entered on 6/27/2011. Plaintiff Preston pursued an appeal of the trial court's denial of Plaintiff's Motion to Reopen. The mandate of the Second District Court of Appeals was entered on 7/2/2012, and the Florida Supreme Court's Order was entered on 9/5/2012. When Plaintiff became aware of a possible breach of contract claim, Plaintiff Preston raised that issue before the trial court in a separate case, which was dismissed with prejudice on 7/15/2011. The mandate of the Second District Court of Appeals affirming the trial court was entered on 7/3/2012, and the Order from the Florida Supreme Court was entered on 9/5/2012.

Case No. 8:12-CV-2288-T-17TGW

2. Federal Claims are "Inextricably Intertwined" With Prior State-Court Judgments

The allegations of the Complaints that involve alleged denial of due process and equal protection are directed to decisions of the trial court during the course of litigation in the Hillsborough County Circuit Court, not actions taken by Defendants prior to the commencement of litigation in Hillsborough County Circuit Court.   Plaintiff Preston disagrees with the rulings of the trial court, the Second District Court of Appeals and the Florida Supreme Court.   For the due process and equal protection claims to succeed, the Court would have to find that the decisions of the state court dismissing Plaintiffs' complaints were wrong.  Only the state appellate court or the United States Supreme Court can review the decisions of the Florida trial court.

Plaintiff's claims in both state cases include Plaintiff's claims for  Defendants' alleged fraud and breach of contract.  In the federal court cases, Plaintiff's allegations of violations of federal statutes are directed to Defendants' alleged fraud, and to breach of contract.  Even if  Plaintiff Preston alleged violation of state statutes in Plaintiff's state cases, and did not identify alleged violations of federal statutes, the Rooker-Feldman doctrine is broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court.  "State and federal courts are free to decide federal law issues for themselves (unless and until the United States Supreme Court settles the matter.)  See Anders v. Hometown Mortgage Servs., Inc., 346 F.3d 1024, 1033 (11th Cir. 2003).

3. Plaintiff Had a Reasonable Opportunity to Raise Plaintiff's Claims in State Court

Plaintiff Preston had a reasonable opportunity to raise Plaintiff's federal claims in the state proceedings.   The state court dockets show Plaintiff's participation in the litigation in state court, both in the trial court and the appellate court.  The trial court

Case No. 8:12-CV-2288-T-17TGW

granted leave to Plaintiff Preston to amend Plaintiff's complaint four times, after which
the state court dismissed Plaintiff's complaint with prejudice.  Plaintiff Preston pursued
an appeal of the trial court's rulings; the Second District Court of Appeals affirmed the
rulings.  Plaintiff Preston filed a second case in state court to raise Plaintiff's breach of
contract claim, and appealed the dismissal of Plaintiff's complaint with prejudice.  A
party's ability to raise a claim on appeal constitute[s] a reasonable opportunity to raise
the claim.  Rice v. Grubbs, 158 F. App'x 163, 165 (11th Cir. 2005).

  After consideration, the Court concludes that this case is an attempt to nullify a
final state court judgment, and is barred by the Rooker-Feldman doctrine.  Therefore
the Court will dismiss this case without prejudice for lack of subject matter jurisdiction.
Accordingly, it is

  **ORDERED** that this case is **dismissed without prejudice**.  The Clerk of Court
shall close this case.   The Court **denies** the Motion to Consolidate,   Motion to E-File
and Fax, Motion to Bar Counsel, and Motion to strike as moot.

  **DONE and ORDERED** in Chambers, in Tampa, Florida on this
27th day of December, 2012.


          ELIZABETH A. KOVACHEVICH
          United States District Judge

Copies to:
All parties and counsel of record

8