UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNE PRESTON,

    Plaintiff,

v.                                       CASE NO. 8:12-CV-2288-T-17TGW

PUBLIC STORAGE, INC.,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 19   Motion for Reconsideration
Dkt. 21   Response
Dkt. 22   Amended Motion for Reconsideration
Dkt. 23   Opposition

Plaintiff Anne Preston, pro se, moves for reconsideration of the Court's Order (Dkt. 17) dismissing Case No. 8:11-CV-2287-T-17MAP and Case No. 8:12-CV-2288-T-17TGW without prejudice for lack of subject matter jurisdiction, under the Rooker-Feldman doctrine.

Defendants oppose Plaintiff's Motions.

I. Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8

Case No. 8:12-CV-2288-T-17TGW

Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

II. Discussion

The Court understands that Plaintiff Preston disagrees with the decisions of the trial court, the Second District Court of Appeals and the Florida Supreme Court. Plaintiff Preston argues that Defendants misled the trial court, and has referred to adverse decisions of the trial court and the conduct of Defendants' counsel before the trial court to show that Plaintiff was denied due process before the trial court.

When a complaining party files a lawsuit, there is always the risk that the complaining party will lose. Direct participation in a lawsuit by self-representation means that the complaining party has the opportunity to raise objections to whatever conduct the complaining party finds objectionable to the presiding judicial officer of that

Case No. 8:12-CV-2288-T-17TGW

case. If the complaining party loses the lawsuit, and the loss is due to alleged errors by the trial court, or to impermissible conduct by counsel for the defending party, the complaining party has the opportunity to appeal adverse rulings and raise any other issue before the appellate court, which in this case is the Second District Court of Appeals. However, the complaining party may not redraw the same claims under federal law rather than state law, cast the claims as constitutional violations, and then relitigate the same claims in federal court after losing in state court. The Rooker-Feldman doctrine does not permit this, and for that reason the Court dismissed Plaintiffs' cases without prejudice.

The Court has examined Plaintiff's Motions, and, after consideration, denies the Motion for Reconsideration and Amended Motion for Reconsideration. Accordingly, it is

**ORDERED** that the Motion for Reconsideration (Dkt. 19) and Amended Motion for Reconsideration (Dkt. 22) are **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 1st day of April, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record