UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNE PRESTON,

      Plaintiff,

v.                                  CASE NO. 8:12-CV-2288-T-17TGW

PUBLIC STORAGE, INC., et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 46      Amended Complaint
Dkt. 47      Motion to Strike Amended Complaint
Dkt. 48      Second Amended Complaint

Defendants move to strike the Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2), as the Amended Complaint was filed without Defendants' consent and without leave of court. Defendants also request that the Court grant Defendants' Motion to Strike in that this case, as well as the related case [Case No. 8:12-CV-2287-T-17MAP] were closed two and a half years ago, when the Court dismissed the cases pursuant to the Rooker-Feldman doctrine.

Plaintiff Anne Preston is proceeding pro se in this case. Plaintiff Preston has not filed a response to the Motion to Strike.

I. Background

The Court previously dismissed this case without prejudice pursuant to the

Case No. 8:12-CV-2288-T-17TGW

Rooker-Feldman doctrine on December 27, 2012 (Dkt. 17), and closed the case. Subsequent Motions for Reconsideration (Dkts. 19, 22) were denied (Dkt. 25). The Court explained the basis for the Court's rulings in those Orders. The Court denied Plaintiff's Motion to Stay (Dkt. 26), again explaining that this Court does not have jurisdiction (Dkt. 27). The Court has also denied Plaintiff's Motion to Reopen (Dkt. 30), for Reconsideration (Dkt. 32) and for Clarification (Dkt. 34). (Dkts. 31, 33, 35). The Court further denied Plaintiff's Amended Motion to Reopen (Dkt. 36), Motion for Reconsideration (Dkt. 38), Second Amended Motion to Reopen (Dkt. 40), Third Amended Motion to Reopen (Dkt. 42), and Amended Motion for Clarification (Dkt. 44). (Dkts. 37, 39, 41, 43, 45).

II. Standard of Review

A. Fed. R. Civ. P. 12(f)

Fed. R. Civ. P. 12(f) provides:

**(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter...."

In reviewing a Motion to Strike, "a court will not exercise its discretion ... unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Dennis v. Northwestern Mutual Life Ins. Co., 2006 WL 1000308 (M.D. Fla. 2006) (citing Nankivil v. Lockheed Martin Corp. 216 F.R.D. 689, 691 (M.D. Fla. 2003)).

B. Pro Se Status

"Pro se pleadings are held to a less stringent standard than pleadings drafted by

Case No. 8:12-CV-2288-T-17TGW

attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam). See Trawinski v. United Technologies, 313 F.3d 1295, 1297 -1298 (11th Cir. 2002). Although the Court gives liberal construction to the pleadings of pro se litigants, "[the Court] nevertheless ha[s] required them to conform to procedural rules." Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002).

III. Discussion

The Court construes Defendants' Motion to Strike to apply to the Second Amended Complaint as well as the Amended Complaint.

It is undisputed that Defendants did not consent to the filing of the Amended Complaint, and the Court did not grant leave to Plaintiff to file the Amended Complaint. The Court dismissed this case without prejudice, and has denied Plaintiff's Motions to Reopen, and for Reconsideration. The Court has repeatedly explained the basis for the denial of Plaintiff's Motions. Because Plaintiff Preston filed the Amended Complaint without Defendants' consent, and without leave of court, the Court **grants** Defendants' Motion to Strike.

This case was closed in December, 2012, and remains closed. Plaintiff **Preston** has refused to accept the finality of the Court's decisions, yet has not sought to appeal those decisions. **The Court does not know how to make it any clearer that this Court does not have the power to rule on Plaintiff's complaints against Defendants. The Court reminds Plaintiff Preston that pro se parties are subject to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. The Court draws Plaintiff's attention to Fed. R. Civ. P. 11(b).**

Case No. 8:12-CV-2288-T-17TGW

The Court **notifies** Plaintiff Preston that there are resources available on the Court's website to assist pro se parties, and the Local Rules of the Middle District of Florida are available on the Court's website, www.flmd.uscourts.gov. **The Court directs Plaintiff Preston to comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida in the future. Failure to comply may have adverse consequences.**

The Court **notifies Plaintiff Preston** that should Plaintiff Preston continue to file frivolous motions that have no chance of success, and should Plaintiff Preston continue to file pleadings such as the Amended Complaint and Second Amended Complaint, both of which were filed without consent and without leave of court in a closed case, the Court will consider the imposition of a monetary sanction to deter Plaintiff Preston from continuing that conduct. It is possible that Plaintiff may forfeit the privilege of litigating without prefiling review of documents that Plaintiff Preston may want to file in the future, or Plaintiff Preston may be denied leave to file documents in this district until any monetary sanction that is imposed is paid. While the Court looks first to **Fed. R. Civ. P.** 11, the Court has inherent authority to manage its docket. Chambers v. Nasco, 501 U.S. 32 (1991). Although the Court has repeatedly explained that this Court does not have jurisdiction, Plaintiff did not seek review of the Court's previous Orders in the Eleventh Circuit Court of Appeals, and has continued to seek relief that this Court cannot grant. The pattern of Plaintiff's repeated requests for relief after the Court has denied the same motions smacks of bad faith. Plaintiff's motions and pleadings appear to be filed to harass Defendants, and Plaintiff's frivolous motions and pleadings waste the Court's scarce resources. The Court recognizes that Plaintiff Preston is proceeding pro se; however, pro se parties are subject to the Federal Rules of Civil Procedure. Plaintiff Preston has had her day in court, but Plaintiff Preston is not entitled to anyone else's day in court. In the event that Plaintiff Preston continues to file motions and pleadings in this closed case, the Court will enter an order to show cause, and schedule a hearing to determine the issue of bad faith. Accordingly, it is

Case No. 8:12-CV-2288-T-17TGW

**ORDERED** that Defendants' Motion to Strike (Dkt. 47) **is granted**. The Amended Complaint (Dkt. 46) and Second Amended Complaint (Dkt. 48) **are stricken from the docket**. It is further

**ORDERED** that Plaintiff Preston **shall comply** with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. **Failure to comply may have adverse consequences, as noted above**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this /s/ day of July, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record